IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Claude Spencer, | : | |
| Petitioner | : | Case No. 2:14-cv-00504 |
| v. | : | Judge Graham |
| Cynthia Mausser, *et al.*, | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

## Report and Recommendation

Petitioner Claude L. Spencer, a prisoner at the Chillicothe Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Magistrate Judge for report and recommendation on the petition, respondent's September 5, 2014 motion to dismiss (doc. 10), and petitioner's November 24, 2014 motion for summary judgment (doc. 12).

On October 26, 1992, a Scioto County Grand Jury issued an indictment charging Spencer with one count of aggravated murder, including a firearm specification, in violation of Ohio Revised Code § 2903.01(A) and 2941.141. Spencer, through counsel, entered a plea of not guilty to the indictment. On January 19, 1993, Spencer waived his right to a jury trial and entered a negotiated plea of guilty to one count of murder (Ohio Rev. Code § 2903.02). The court accepted his plea and found him guilty. Spencer was sentenced to serve a term of fifteen years to life imprisonment.

Petitioner did not file a notice of appeal of his conviction and sentence. Spencer filed a petition to vacate or set aside his sentence, but according to respondent, the Scioto Clerk of Courts report that Spencer's post-conviction petition is missing from the file. The trial court overruled the motion on August 23, 1995. Spencer did not appeal this decision.

Petitioner alleges that the Ohio Adult Parole Authority ("OAPA") unilaterally and improperly changed petitioner's contractual plea agreement by adopting and utilizing a new law that removed any parole eligibility or presumption of release on parole. New guidelines were adopted on June 1, 1998, April 1, 2005, April 15, 2010 and in 2013. Petitioner argues that the OAPA continues to use the new laws and guidelines to deny him parole eligibility and presumptive release until he has served his entire life in prison. Petitioner argues that the new laws violate the Ex Post Facto clause of the Constitution. Petitioner argues that he is entitled to have the OAPA give genuine consideration and due regard to the factors outlined in the pre-1996 policies.

The petition alleges that when Spencer was convicted former Ohio Revised Code § 2967.13(A) provided:

> [A] prisoner serving a sentence of imprisonment for a felony for which an indefinite term of imprisonment is imposed becomes eligible for parole at the expiration of his minimum sentencing term.

Further, O.A.C. § 5120:1-1-10 provided:

> In any case in which parole is denied at the initial hearing a second hearing shall be held. The second hearing shall not be scheduled later than five (5) years beyond the minimum eligibility date for release.

In December 1994, the petition alleges, the Ohio Adult Parole Authority (OAPA) "unilaterally and improperly changed the terms of defendant's contractual plea agreement by revising O.A.C. § 5120:1–1-10 to provide that "[a] projected release date shall not be established for any prisoner serving a life sentence, or sentence of fifteen years to life."

The petition further alleges that in 1994 the Ohio legislature modified Ohio's parole law to provide that protecting the public safety must be considered "first and foremost" when making parole release decisions. Applying this law, petitioner argues, to his pre-1994 sentence is a constitutionally prohibited *ex post facto* violation. While conceding that public safety was always a factor in parole release decisions, petitioner argues that it now became a controlling factor that resulted in a significantly increased chance of prolonged incarceration. The petition prays that the court order petitioner Spencer released from prison.

Petitioner also argues that the OAPA's handling of his application without any true consideration of its merits violates the Due Process clause.

The petition for writ of habeas corpus herein was filed May 28, 2014. Petitioner was convicted January 19, 1993.  Petitioner did not file a direct appeal. Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year period of limitation for persons filing a federal petition for writ of

habeas corpus. *See* 28 U.S.C. §2244(d)(1). The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A).[1] The United States Supreme Court has held that direct review is generally viewed as including the ninety-day period for seeking *certiorari*. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989). Thus, cases will become final on direct review for purposes of §2244(d)(1)(A) when *certiorari* is denied or time to file a *certiorari* petition expires. *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); *Alexander v. Keane*, 991 F. Supp. 329, 334 n.2 (S.D. N.Y. 1998); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997).

The Sixth Circuit has adopted a "grace period" to allow habeas claims that accrued prior to April 24, 1996 to be filed without violations of the statute of limitations. A state prisoner whose conviction became final prior to ADEPA's enactment has one year from that date to file a federal habeas corpus petition. *Brown v. O'Dea*, 187 F.3d 572, 576 (6th Cir. 1999).

Here, Spencer's convictions became final prior to the AEDPA's enactment. Therefore, he had until April 24, 1997 to file a habeas petition challenging his convictions and sentences. Spencer did not file his federal habeas corpus conviction

---

[1]The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim. 28 U.S.C. §2244(d)(1)(B), (C) and (D). None of those situations apply here.
Further, the limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending. 28 U.S.C. §2244(d)(2). Petitioner's petition for post-conviction relief was filed before the limitations period had expired.

until May 28, 2014. As a result, his habeas corpus petition is not timely and should be dismissed.

However, even assuming that the petition is not barred by the statute of limitations, the thrust of the petition is that following his conviction, the Parole Board changed the parole guidelines and that the new guidelines subject Spencer to additional punishment not imposed at sentencing by lengthening the amount of time he must serve in prison before being released on parole. However, it is well-established that an Ohio prisoner has no liberty interest in his future release on parole. *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007); *Jergens v. State of Ohio Department of Rehabilitation and Corrections Adult Parole Authority*, 492 Fed.Appx. 567, 569-70 (6th Cir. July 11, 2012). Ohio has "a completely discretionary parole system." *Id*. Ohio Revised Code § 2967.03; O.A.C. § 5120:1-1-07(A). Consequently, there is no merit to petitioner's argument that he had an expectation of earlier release on parole under the governing statutes and administrative code at the time of sentencing.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1) and, alternatively, because he does not have a liberty interest in his release on parole. The Magistrate Judge FURTHER RECOMMENDS that petitioner's September 22, 2014 motion to strike (doc. 11) and November 24, 2014 motion for summary judgment (doc. 12) be DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                    s/Mark R. Abel
                                    United States Magistrate Judge